UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Edward David Stahlmann,    Case No. 22-cv-3058 (ECT/DTS)

    Plaintiff,

v.    **ORDER**

Minnesota Department of Corrections, et al.,

    Defendants.

**IT IS HEREBY ORDERED:**

1. The application to proceed *in forma pauperis* [Dkt. No. 2] is **GRANTED**.

2. Stahlmann must submit a properly completed Marshal Service Form (Form USM-285) for each defendant. If Stahlmann does not complete and return the Marshal Service Forms within 30 days of this order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute. Marshal Service Forms will be provided to Stahlmann by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from defendant Centurion of Minnesota and from defendants Paul Schnell, Ann Blanchard, Michelle Paulson, and Tracy Beltz in their personal capacities, consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is

mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. See Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshals Service is directed to effect service of process on the State of Minnesota and defendants Schnell, Blackhard, Paulson, and Beltz in their official capacities as agents of the State of Minnesota consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

6. Stahlmann must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Stahlmann is confined. This Court concludes that Stahlmann has no assets and no means through which to pay an initial partial filing fee; that requirement will therefore be waived. See 28 U.S.C. § 1915(b)(4).

7. Stahlmann's motion for appointment of counsel [Dkt. No. 3] is **DENIED WITHOUT PREJUDICE**. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998); see also In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986) ("The decision to appoint counsel in civil cases is committed to the discretion of the district court."). It is not yet clear that assistance of counsel would substantially benefit either Stahlmann or the Court in this proceeding. As a practical matter, there is little for appointed counsel to do at this time. Stahlmann has ably pleaded his claims for relief, this matter has survived initial review under 28 U.S.C. § 1915A, and there is no need for an amended complaint at this time. Defendants have not yet had an opportunity to respond to the complaint, and it is therefore not clear whether, or to what extent, factual disputes are likely to arise in this proceeding—

or whether those factual disputes will prove to be material. That said, this Court will reconsider the request *sua sponte* should circumstances dictate.

Dated: January 5, 2023

   s/David T. Schultz
DAVID T. SCHULTZ
U.S. Magistrate Judge